**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YOURS2U LIMITED, a United Kingdom company, dba PRECISION LEADS MEDIA, | Case No. _____ |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| BLUE PHOENIX MEDIA, INC., a New York corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

For it claims for relief against Defendant Blue Phoenix Media, Inc. ("Defendant"), Plaintiff Yours2u Limited, a United Kingdom company, d/b/a Precision Leads Media ("Plaintiff"), alleges as follows:

## PARTIES

1.      Plaintiff is a limited company duly created, existing and operating under the laws and ordinances of the United Kingdom with its principal place of business in the United Kingdom. Accordingly, Plaintiff is a citizen of the United Kingdom within the meaning and intent of 28 U.S.C. § 1332.

2.      Defendant is a business corporation duly organized and created under the laws and ordinances of New York.  Defendant maintains its principal place of business in Philadelphia, Pennsylvania. Accordingly, Defendant is a citizen of New York within the meaning and intent of 28 U.S.C. § 1332.

3.      The true names or capacities, whether individual, corporate, associate or otherwise, of some defendants are unknown to Plaintiffs; therefore, Plaintiffs may ask for leave of this Court

to amend this Complaint to add any necessary parties, together with appropriate charging allegations.

## JURISDICTION AND VENUE

4.    This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendant are residents of different states and the amount in controversy in this case exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5.    Defendant is a resident of New York for purposes related to jurisdiction and is therefore subject to general personal jurisdiction of the courts located in New York. Additionally, Plaintiff and Defendant "agree[d] that any action or proceeding between the parties . . . must be brought in state or federal court in New York County, New York." *See* Agreement, attached as **Exhibit A** hereto.

6.    Defendant's actions, upon which the allegations in this Complaint are based, were performed in this judicial district.

7.    Venue is proper in this judicial district pursuant to the parties' Agreement to this venue and, separately, under 28 U.S.C. §§ 1391(a)(2) and 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

8.    Therefore, jurisdiction and venue are proper in this Court.

## FACTS

9.    In or around January of 2015, Plaintiff and Defendant entered into a general services agreement (the "Agreement") stating that Defendant would be obligated to pay Plaintiff a set amount of compensation as determined and mutually agreed upon by the parties.   *See* Agreement, attached as Exhibit A hereto.

10.     In order to receive such compensation pursuant to the Agreement, Plaintiff was required to send leads and/or internet traffic through Defendant to the applicable third party advertiser who contracted with Defendant, and, in turn, Plaintiff would be compensated based on certain actions taken by the leads and/or internet traffic via that particular advertiser.

11.     Pursuant to the Agreement, and the ancillary terms and conditions ("Terms"), Plaintiff performed its obligations as required by the Agreement and Terms (collectively the "Contract").

12.     Specifically, Plaintiff delivered leads and/or internet traffic through Defendant to a particular advertiser, Insure.com.

13.     Subsequently, Insure.com paid Defendant monies to which Plaintiff is entitled to compensation pursuant to the Contract.

14.     For approximately 10 months, Defendant has failed and refused to pay the outstanding balance of $79,554.50 (the "Debt") that has been, and continues to be, due and owing.

15.     The Debt, as well as the specific terms related to the applicable prices and quantities, is evidenced by various invoices.  *See* Invoices, attached as **Exhibit B** hereto.

16.     Plaintiff has made numerous written demands for payment, including a written demand letter on October 1, 2015, but Defendant continues to fail and refuse to pay the Debt or any portion of it.  *See* Demand Letter, dated October 1, 2015, attached as **Exhibit C** hereto.

17.     As a result of Defendant's failure to pay the Debt, as required by the Contract, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT I – BREACH OF CONTRACT

18.    All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set forth herein.

19.    By failing to pay the Debt, Defendant has breached the Contract.

20.    As a direct and proximate result of Defendant's breach of the Contract, Plaintiff has been damaged in an amount no less than $79,554.50.

21.    Additionally, as a direct and proximate result of the conduct described herein, Plaintiff has sustained and will continue to sustain actual and/or consequential damages in an amount to be determined at trial.

22.    This matter arises out of the Contract; thus, Plaintiff is entitled to recover costs and reasonable attorneys' fees from Defendant pursuant to the Contract and/or other applicable law.

## COUNT II – UNJUST ENRICHMENT

23.    All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set forth herein.

24.    By Defendant receiving the leads and services provided by Plaintiff, Defendant received the benefit of getting paid compensation from the applicable advertisers.

25.    Defendant received this benefit at Plaintiff's expense.

26.    Defendant accepted the leads and services from Plaintiff knowing that Plaintiff was expecting to be compensated by Defendant.

27.    Defendant and Plaintiff have a prior course of dealing, which is indicative of each party's expectation related to the applicable transactions.

28.    Equity and good conscience cannot permit Defendant to knowingly and wrongfully withhold the monies that Defendant received from the advertisers and that should have been paid to Plaintiff.

29.    Equity and good conscience require that Defendant make restitution to Plaintiff in an amount no less than $79,554.50, in addition to awarding Plaintiff its costs and attorneys' fees.

## COUNT III – QUANTUM MERUIT

30.    All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set forth herein.

31.    Given the prior course of dealing between Plaintiff and Defendant, Plaintiff provided the leads and services in good faith.

32.    Defendant accepted the leads and services from Plaintiff knowing that Plaintiff was expecting to be compensated by Defendant.

33.    The reasonable value of the leads and services provided to Defendant by Plaintiff is no less than $79,554.50.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

1. For damages in the amount of no less than $79,554.50;

2. For Plaintiff's reasonable attorneys' fees, which continue to accrue;

3. For Plaintiff's costs incurred herein;

4. For interest on the foregoing attorneys' fees and court costs at the statutory interest rate from the date of judgment until paid;

5. For prejudgment and postjudgment interest on all damages at the highest rate allowed by law from the date of injury until paid in full; and

6. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through its undersigned counsel, hereby demands a trial by jury for all questions of fact that can be decided by a jury in the above-entitled action.

Dated: New York, New York         Respectfully Submitted,
       May 12, 2016

                        COZEN O'CONNOR

                        By: _____/s/  John J. Sullivan___
                        John J. Sullivan
                        45 Broadway Atrium, Suite 1600
                        New York, NY 10006
                        P: 212-453-3729
                        F: 646-461-2073
                        JSullivan@cozen.com
                        *Attorneys for Plaintiff*

## DECLARATION/VERIFICATION OF COMPLAINT

I. STEVE PRITCHARD, declare as follows:

1.     I am the Chief Executive Officer of YOURS2U LIMITED, a United Kingdom Company, dba PRECISION LEADS MEDIA, the Plaintiff in the matter filed in the United States District Court, Southern District of New York, entitled YOURS2U LIMITED, a United Kingdom Company, dba PRECISION LEADS MEDIA v. BLUE PHOENIX MEDIA, INC., a New York corporation (the "Lawsuit"), and I am authorized to make this declaration/verification;

2.     I have read and know the contents of the Complaint, and the matters and things therein stated are true and correct to the best of my knowledge and belief; and,

3.     All of the foregoing matters and factual matters set forth in the Complaint are within my personal knowledge, and all documents attached to the Complaint are true and correct copies of what the documents purport to be.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 27 Mar 2016

STEVE PRITCHARD

1